UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| Alisha Walker, | Case No. 2:23-cv-00165-CDS-NJK |
|---|---|
| Plaintiff | **Order Regarding Sealed Documents** |
| v. | |
| Fellonise Lewis, | [ECF Nos. 1, 2] |
| Defendant | |

Plaintiff Alisha Walker brought this action seeking a temporary restraining order to halt unspecified matters regarding her child in a Chicago family court proceeding. ECF No. 2 at 1. After finding no points of law or authorities cited in support of Walker's motion for a temporary restraining order, I denied the motion without prejudice. Order, ECF No. 3. Walker's documents initiating this case were filed under seal, but no motion seeking permission to seal the documents accompanied the documents. Thus, I ordered Walker to show cause by February 20, 2023, why the documents should remain under seal. *Id.* Walker was cautioned that failure to respond would result in her motions being unsealed without further notice.

I.  **Legal standard**

Under Federal Rule of Civil Procedure 5.2, "[u]nless the court orders otherwise, in an electronic . . . filing with the court that contains an individual's . . . birth date [or] the name of an individual known to be a minor . . . a party . . . making the filing may include only . . . the year of the individual's birth [and] the minor's initials . . . ." Fed. R. Civ. P. 5.2(a)(2–3). It further provides that "[t]he court may later unseal the filing or order the person who made the filing to file a redacted version for the public record. *Id.* at (d). Without the presentation of compelling reasons, redaction is the preferred method to protect confidential information and alleviates the need to seal the entire document. *Chaker-Delnero v. Nevada Federal Credit Union*, 2021 U.S. Dist.

LEXIS 140647, *2 (D. Nev. July 28, 2021) ("[S]ealing documents is improper when confidential information can instead be redacted.") (citing *In re Roman Catholic Archbishop of Portland*, 661 F.3d 417, 425 (9th Cir. 2011)); *see also Jaramillo v. Area 15 Las Vegas LLC*, 2021 U.S. Dist. LEXIS 234865, at *12 (D. Nev. Mar. 8, 2022) ("Redaction is the Court's preferred method over sealing an entire document.").

The District of Nevada's Local Rule IC 6-1 provides, in relevant part, that:

> Parties must refrain from including—or must partially redact, where inclusion is necessary—the following personal-data identifiers from all documents filed with the court . . . :
>
> (2) Names of Minor Children. If the involvement of a minor child must be mentioned, only the initials of that child should be used.
>
> (3) Dates of Birth. If an individual's date of birth must be included, only the year should be used.
>
> (5) Home Addresses. If a home address must be included, only the city and state should be listed.

LR IC 6-1(a)(2)–(3), (5).

## II.     Discussion

As discussed above, the Federal Rules and this district's Local Rules do not allow parties to file submissions containing the names of a minor children, dates of birth, or home addresses. Walker's initiating documents contain all three. *See* ECF Nos. 1, 2. Walker filed them under seal, but they were not accompanied by a motion seeking permission to seal them as required by the Local Rule 10-5(a) (requiring papers filed with the court under seal must be accompanied by a motion for leave to file those documents under seal).

To balance the need for confidentiality and the public's right to access,[1] the court has prepared versions of the petition for writ of habeas corpus and motion for temporary restraining order which redact any information that warrants protection from public view. LR IC 6-1. The

---

[1] The general presumption is that the public has the right to access judicial filings. *Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 597 (1978). The presumption of public access can, however, be overcome for documents not traditionally kept secret. *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1102 (9th Cir. 1999). Walker's motions contain personal identifying information and thus I find that they are, therefore, subject to sealing. *See* Fed. R. Civ. P. 5.2.

versions with those redactions will be filed on the public docket, and the unredacted versions will remain under seal.

### III. Conclusion

Redacted versions of Walker's petition for writ of habeas corpus (ECF No. 1) and motion for temporary restraining order (ECF No. 2) will be filed on the public docket.

To protect the minor child's interests, the Clerk of Court is kindly instructed to maintain the seal on the unredacted versions of Walker's petition for writ of habeas corpus (ECF No. 1) and motion for temporary restraining order (ECF No. 2).

IT IS SO ORDERED.

Dated: April 18, 2024

_____
Cristina D. Silva
United States District Judge