# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Alisha Walker, | Case No. 2:23-cv-00165-CDS-NJK |
| Petitioner | **Order Closing Case** |
| v. | |
| Fellonise Lewis, | |
| Respondent | |

Pro se plaintiff-petitioner Alisha Walker initiated this action in January 2023, by filing, under seal, a petition for writ of habeas corpus and motion for temporary restraining order to halt unspecified matters regarding her child in a Chicago family court proceeding. ECF Nos. 1, 2. Walker's requests were denied because she provided neither substantive law nor specific factual assertions that allow me to adjudicate her claim on its merits. Order, ECF No. 3. The copy of the order sent to Walker was returned as undeliverable. ECF No. 4. In April 2024, I issued an order unsealing Walker's petition for writ of habeas corpus and motion for temporary restraining order. Order, ECF No. 5. Redacted versions were filed on the public docket. ECF Nos. 6, 7. On April 30, 2024, Walker's mail was again returned as unclaimed and unable to forward. ECF No. 8. Since then, there has been no action in this case.

A plaintiff has a duty to prosecute their case. Fed. R. Civ. P. 41(b). Failure to comply with that obligation may result in an involuntary dismissal of the case. *Id.* The court may dismiss a case sua sponte on this basis given that the rule is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion of the court's calendar. *Wolff v. Cal.*, 318 F.R.D. 627, 630 (C.D. Cal. 2016). In considering whether to dismiss an action for failure to prosecute, the court must weigh five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants;

(4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

      Here I find the factors weigh in favor of dismissal. Walker has abandoned this prosecution, so this interferes with the court's ability to resolve this case expeditiously, to manage its docket, and to conduct the orderly administration of justice. Less drastic sanctions are unavailable because Walker failed to update her address, making it impossible for the court to even explore other options. There is also no prejudice to the defendants because they have not even been served. Finally, while public policy always favors resolving cases on the merits, the court cannot achieve this goal without the plaintiff's participation in this litigation. Accordingly, the Clerk of Court is kindly instructed to close this case.

Dated: February 19, 2025

_____
Cristina D. Silva
United States District Judge

2